From the foregoing it is apparent that the failure of this record to show the fact that the Globe Iron Works was at the time the service of the summons was made upon Folsom doing business in the state of New York, is such a vital defect that this court is not required to render judgment here on the judgment obtained there, nor is it either required or entitled to consider any oral proof offered to make up this defect.

Irrespective of the foregoing, after a careful consideration of all the testimony in the case, we are unable to determine that at the time the Globe Iron Works was in fact ''doing business'' at Malone, giving that term its proper legal construction; that it was transacting business at Malone, New York, there is no doubt; but as betwcen doing business and transacting business, there is a wide differcnce. The defendant corporation was not established in any way in New York, in such manner that it might be said to have continuing interests there, or to have put itself in the position of conducting a branch industry or enterprise. The mere fact that Mr. Folsom was there did not take the corporation there. The corporation was still, as alleged in the petition, located and doing business at Dayton, Ohio.

Our finding is against the plaintiff and for the defendant.

---

## EXHIBITION OF FIXED OPINION BY JURORS.

Common Pleas Court of Hamilton County.

LETITIA A. DAUNT v. CINCINNATI TRACTION CO.

Decided, January Term, 1917.

*New Trial—Questions Put to Witnesses by Jurors—Indicating They Had Formed an Opinion—Not Ground for Another Trial, When.*

The fact that questions put by certain jurors to witnesses might be taken as indicating they had reached a conclusion on the merits of the case prior to the close of the evidence, does not require that a new trial be granted, where the verdict returned is in accordance with the evidence.

COSGRAVE, J.

This matter comes on to be heard on a motion for new trial which sets forth several grounds therefor, none of which, however, has been very seriously pressed upon the attention of the court except the claim of newly-discovered evidence. This claim is supported by affidavits setting forth the nature of the testimony which certain witnesses would have given if they had been called to testify in the case. A careful examination of these affidavits, in addition to other reasons, abundantly satisfies the court that they furnish no sufficient grounds for setting it aside. They are largely hearsay and argumentative in character, and, justly considered, are of no avail as a basis for a new trial.

The fourth reason is alleged to be misconduct of the jury. The record discloses that certain interrogatories were put by two of the jurors to two of the witnesses, one a specialist in neurology and the other the conductor of the car. It is possible that, fairly weighed, the questions put by the jurors might indicate, to some extent at least, a fixed opinion on their part as to the merits of the case prior to the close of the evidence. The court is inclined to accept this as the truth in the matter. No objection was interposed by counsel for plaintiff to either the propounding of these questions or to the answers thereto by the witnesses during the trial. Assuming, however, that it would at least have been more satisfactory if these questions had not been put by the jurors, nevertheless there remains the real material question in the case, whether or not the plaintiff made out her case by a preponderance of the evidence. Conceding to the plaintiff every possible force and effect that the testimony in her behalf calls for, the court is impelled to the conclusion that she not only failed in sustaining her contention by a preponderance of the evidence, but that the greater weight of the evidence was manifestly against her contention.

The court being satisfied that the verdict is in accordance with the evidence, and that there was no prejudicial error occurring during the trial, the motion for a new trial will therefore be overruled.